UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DEBRA F. LONG, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Case No. 3:19-CV-00155-JD |
| | ) | |
| NANCY A. BERRYHILL, Commissioner of Social Security | ) ) | |
| | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Debra Long filed a complaint seeking review of the Commissioner of Social Security's final decision denying her application for social security disability benefits. [DE 1]. The matter is fully briefed and ripe for decision. [DE 12, 13, 16]. For the reasons stated below, the Court remands this matter to the Commissioner for further proceedings.

**I.     FACTUAL BACKGROUND**

Ms. Long filed applications for Disability Insurance Benefits and Supplemental Security Income, claiming that, by October 4, 2013, she was unable to work due to her health conditions. She primarily alleged that she was disabled due to major depressive disorder, generalized anxiety disorder, migraine headaches, degenerative changes in her left knee, diabetes, asthma, chronic pain syndrome, and pain in her right shoulder due to a rotator cuff repair. [DE 12-1]. On September 27, 2017, after reviewing Ms. Long's medical records and listening to her testimony at the hearing, the ALJ found that she was not disabled. (R. 30). The ALJ found that Ms. Long suffers from the following severe impairments: right shoulder rotator cuff repair, degenerative changes of the lumbar spine, chronic tension headaches, fibromyalgia, obesity, asthma, degenerative changes of the left knee, migraine headaches, diabetes, major depressive disorder, and generalized anxiety disorder. (R. 17). The ALJ found that Ms. Long has a moderate

limitation in concentrating, persisting, or maintaining pace. (R. 19).

At the hearing, Ms. Long testified that her mental health difficulties created issues with her getting along in daily life (R. 46), that due to the pain in her right shoulder she has trouble completing daily activities (R. 47-48), that she suffers from bad headaches for 90% of her day, and that her pain medication makes it difficult for her to concentrate or think (R. 51). The ALJ posed a series of increasingly restrictive hypotheticals to the VE starting first with physical limitations and then adding mental limitations. The first two hypotheticals were related to Ms. Long's physical limitations, but the third hypothetical seemed to pose a concentration, persistence, or pace-related limitation: "due to migraine headaches, the individual could only understand, remember, and carry out simple instructions of one to three steps." (R. 57). At this point, the VE determined that Ms. Long would not be able to perform any of her previous jobs, but that she could perform the job requirements for the positions of marker, routing clerk, and mail clerk. (R. 58). The fourth hypothetical posed by the ALJ added a social limitation that "the individual could only occasionally interact with co-workers, supervisors, and the public." *Id*. The fifth and final hypothetical given to the VE by the ALJ limited the individual to being off task for up to 15% of the workday, but no more than that. *Id*.

Determining that Ms. Long could not perform past relevant work but could find other jobs in the economy, the ALJ found that she was not disabled. (R. 28). Ms. Long requested a review by the Appeals Council, which was denied on January 3, 2019, thereby making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. See 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

Because the Appeals Council denied review, the Court evaluates the ALJ's decision as the final word of the Commissioner of Social Security. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). This Court will affirm the Commissioner's findings of fact and denial of benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Even if "reasonable minds could differ" about the disability status of the claimant, the Court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

The ALJ has the duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399–400. In evaluating the ALJ's decision, the Court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the Court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the Court conducts a "critical review of the evidence" before affirming the Commissioner's decision. *Id.* An ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection and may not ignore an entire line of evidence that is contrary to his or her findings. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). The ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

### III.     STANDARD FOR DISABILITY

Disability benefits are available only to those individuals who can establish disability under the terms of the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Specifically, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations create a five-step process to determine whether the claimant qualifies as disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)–(v); 416.920(a)(4)(i)–(v). The steps are to be used in the following order:

1. Whether the claimant is currently engaged in substantial gainful activity;

2. Whether the claimant has a medically severe impairment;

3. Whether the claimant's impairment meets or equals one listed in the regulations;

4. Whether the claimant can still perform past relevant work; and

5. Whether the claimant can perform other work in the community.

*See Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).

At step two, an impairment is severe if it significantly limits a claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1522(a), 416.922(a). At step three, a claimant is deemed disabled if the ALJ determines that the claimant's impairment or combination of impairments meets or equals an impairment listed in the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If not, the ALJ must then assess the claimant's residual functional capacity, which is defined as the most a person can do despite any physical and mental limitations that may affect what can be done in a work setting. 20 C.F.R. §§ 404.1545, 416.945. The ALJ uses the residual functional capacity to determine whether the claimant can perform his or her past work under step four and whether the claimant can perform other work in society at step five. 20

C.F.R. §§404.1520(e), 416.920(e). A claimant qualifies as disabled if he or she cannot perform such work. The claimant has the initial burden of proof at steps one through four, while the burden shifts to the Commissioner at step five to show that there are a significant number of jobs in the national economy that the claimant can perform. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

## IV. DISCUSSION

Ms. Long offers three arguments in support of reversal. [DE 12]. First, she argues that the ALJ assessed a mental RFC that was not supported with substantial evidence. Second, she argues that the ALJ committed reversible error by not associating an exhibit list with the unfavorable decision. Finally, Ms. Long argues that the ALJ made irreconcilable findings concerning her fibromyalgia impairment. Since the Court finds Ms. Long's first argument to be the most persuasive, it will not address the remaining arguments, which will either be moot or can be addressed on remand.

At step three of the sequential analysis, the ALJ found that Ms. Long had a moderate limitation in concentration, persistence, and pace. (R. 19). Then, after reviewing the record and listening to Ms. Long's testimony at the hearing, the ALJ concluded that she had the RFC to perform light work with numerous physical limitations in addition to several mental limitations, including:

> Due to the migraine headaches, depression and anxiety, the claimant could only understand, remember and carry out simple instructions of one to three steps. Due to anxiety and depression, the claimant could only occasionally interact with co-workers, supervisors and the public. Finally, the claimant would be off task up to 15% of the workday.

(R. 20). When addressing Ms. Long's mental impairments, the ALJ recognized that she is "moderately limited in the ability to maintain concentration, persistence or pace secondary to her depressive and anxiety symptoms, including low motivation (Exhibit 8F/4)." (R. 27). He stated

5

that the limitation accounted for her migraine headaches, difficulty with concentration, and brain fog. *Id*. The ALJ also noted that Ms. Long was limited by her migraine headaches, depression, and anxiety which she testified to at the hearing. (R. 27). The ALJ stated that he also considered her "lack of motivation, her good concentration, and the fact that she can perform most higher-level activities (Exhibit 8F/4, 30F/66)." *Id*. Notably, when assessing the opinions of the State agency medical consultants, the ALJ gave "little weight to these assessments because evidence obtained at the hearing level supports greater limitation." (R. 26).

Ms. Long argues that while the ALJ "purported to prescribe more restrictive concentration and pace-related limitations than did the state agency psychologists," he ignored the more restrictive "check-box limitations" that were assessed. [DE 12 at 10]. In July of 2015, the state agency psychologist, Dr. William Shipley, indicated in the "check-box" section of Ms. Long's Mental Residual Functional Capacity (MRFC) Assessment that she was moderately limited in several areas.[1] At the end of the assessment in the narrative section, Dr. Shipley also stated the following:

> The evidence suggests that [Ms. Long] can understand, remember, and carry-out semiskilled tasks without special considerations in many work environments. The claimant can relate on an ongoing basis with co-workers and supervisors. The claimant can attend to task for sufficient periods of time to complete tasks. The claimant can manage the stress involved with semiskilled work.

(R. 124). Ms. Long notes that in his opinion the ALJ cited to the narrative section of Dr. Shipley's assessment but failed to address the more restrictive check-box limitations that came before it. (R. 26). Specifically, Ms. Long notes that Dr. Shipley also opined that she was limited

---

[1] Dr. Shipley noted that Ms. Long was moderately limited in these areas: ability to understand and remember very short and simple instructions; ability to carry out detailed instructions; ability to maintain attention and concentration for extended periods; ability to complete a normal workday and workweek without interruptions from psychologically based symptoms; ability to interact appropriately with the general public; and her ability to respond appropriately to changes in the work setting. (R. 122-23).

6

in her ability to respond appropriately to workplace changes and in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. [DE 12 at 11]. The RFC did not include any limitations as to her ability to respond to workplace changes, though and it's not clear if the 15% off-task limitation is related to her ability to complete a normal workday or workweek. Nor did the ALJ explain why he chose not to credit that opinion. To the contrary, the ALJ's decision suggests that he accepted all of Dr. Shipley's opinions, and gave reduced weight to those opinions only because he concluded that *further* limitations were needed. Therefore, it appears that the ALJ ignored or failed to recognize the aspects of Dr. Shipley's opinions that could have supported limitations beyond those included in the RFC. The ALJ also failed to include these moderate limitations in either the hypothetical questions posed to the vocational expert or in the final formulated RFC for Ms. Long. [DE 12 at 8].

In making a proper RFC determination, the ALJ must consider all of the relevant evidence in the record, even as to limitations that are not severe. *Murphy v. Colvin,* 759 F.3d 811, 817 (7th Cir. 2014); *see* 20 C.F.R. § 404.1529(a) (in making a disability determination, the ALJ must consider all the claimant's symptoms and how those symptoms affect a claimant's daily life and ability to work). From the evidence in the record, the ALJ must build "an accurate and logical bridge from the evidence to the conclusion" so that a court can assess the validity of the agency's decision. *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007). Relevant to Ms. Long's case, both the ALJ's RFC assessment and the hypothetical questions posed to the VE must incorporate all the limitations that are supported by the record. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). This is a well-established rule. *See Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009) (collecting cases).

Here, Ms. Long compares her case to *DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir.

2019) where the ALJ omitted any discussion of the state agency psychologist's "check-box limitations" when presenting hypothetical questions to the VE or in his ultimate decision. Instead of mentioning the claimant's moderate limitations in concentration, persistence, or pace, the ALJ in *DeCamp* limited the claimant to "unskilled work" with no "fast-paced production line or tandem tasks." *Id.* at 675. Similar to the ALJ in this case, the ALJ in *DeCamp* relied on the narrative explanations offered by physicians but failed to adequately account for other limitations identified in the check-box sections of the standardized MRFC form. *Id*. at 676. Therefore, the Seventh Circuit reversed and remanded "because the ALJ did not adequately account for limitations identified by the doctor in the check-box sections of the forms." *Id*. The Court finds that the ALJ made the same error here.

      The ALJ must consider all relevant evidence in the record when making a proper RFC determination, even as to limitations that are not severe, but instead are moderate. The law also requires the ALJ to incorporate into the hypotheticals those impairments and limitations that the ALJ accepts as credible. *See Schmidt v. Astrue*, 496 F.3d 833, 846 (7th Cir. 2007). In Ms. Long's case, the ALJ incorporated the limitations of simple instructions in one to three steps, limiting interactions with co-workers, supervisors, and the public to only occasionally, and noting that she would be off task for 15% of the workday. But, the ALJ failed to incorporate the limitation in Ms. Long's ability to respond appropriately to changes in the work setting. (R. 123). An ALJ can choose to not incorporate certain limitations if he does not find them credible but here, the ALJ failed to explain why he did not find the other limitations noted by Dr. Shipley to be credible or why he gave those check-box limitations no weight.

      In response, the Commissioner argues that the ALJ properly evaluated both the medical record and opinion evidence before establishing an RFC with mental limitations that accounted for all the assessed restrictions. [DE 13 at 6]. More specifically, the Commissioner argues that

"the ALJ's rationale explains that he included and went beyond Dr. Shipley's assessed restrictions because the medical record supported additional functional difficulties." [DE 13 at 5]. But even if the ALJ's RFC included additional functional difficulties, it did not incorporate several limitations noted by Dr. Shipley and the ALJ's opinion fails to address why he did not accept them. Moreover, "the ALJ must ensure that the VE is apprised fully of the claimant's limitations so that the VE can exclude those jobs that the claimant would be unable to perform." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) (quotation omitted). "When an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record." *Stewart*, 561 F.3d at 684. Here, the ALJ failed to confront evidence of additional limitations in the record when formulating the RFC for Ms. Long or when posing hypotheticals to the VE. Although an ALJ's failure to properly account for a moderate limitation in concentration, persistence, and pace can be harmless, the error here is not and the ALJ further erred by not building a logical bridge between the evidence and his conclusion, which requires remand.

Finally, the ALJ found that Ms. Long would be off task up to 15% of the workday. In his opinion, the ALJ stated that "[i]n consideration of [Ms. Long's] pain, headaches, low motivation, difficulty with concentration, and anxiety, the undersigned finds that [she] would likely be off task up to 15% of the workday." (R. 27). However, the ALJ failed to identify a basis in the record for that limitation; though the ALJ noted evidence that Ms. Long had difficulty with concentration, the 15% figure appears arbitrary. Moreover, Dr. Shipley found that Ms. Long would be moderately limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, but the ALJ does not explain whether the 15% off task time included in the RFC addresses this limitation. Despite the noted checkbox moderate limitation in ability to complete a normal workday and workweek without interruptions

9

from psychologically based symptoms, the ALJ does not provide a logical bridge between Dr. Shipley's findings and his conclusion that Ms. Long would only be off task 15% of the time and would not have more than one absence per month. At the hearing, the VE noted that 15% was his maximum limit of off task time before it would eliminate all the jobs available to Ms. Long. In a final hypothetical posed by Ms. Long's attorney, the limitation of more than one absence per month was added and the VE testified that no jobs remained at that level. (R. 59).

Here, the ALJ failed to provide an explanation or clarification regarding which mental impairment was being accounted for by the 15% off-task limitation. *Muzzey v. Berryhill*, No. 3:17-CV-796 JD, 2019 WL 697137, at *3 (N.D. Ind. Feb. 20, 2019) (holding the court cannot confidently conclude the claimant's mental functioning limitation was properly incorporated into any of the hypothetical questions or into the RFC). Because the ALJ failed to adequately explain how Ms. Long's limitations in working a normal workday and workweek translated into only 15% off task time, his decision must be remanded for further review.

## V.  CONCLUSION

For those reasons, the Court REVERSES the Commissioner's decision and REMANDS for additional proceedings consistent with this opinion. The Clerk is DIRECTED to prepare a judgment for the Court's approval.

SO ORDERED.

ENTERED: April 30, 2020

        /s/ JON E. DEGUILIO  
Judge  
United States District Court