UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DEBRA F. LONG, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 3:19-CV-155 JD |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| Defendant. | ) |

## OPINION AND ORDER

The Court previously remanded this social security appeal to the Commissioner for further proceedings on plaintiff Debra Long's claim for benefits. [DE 17]. The Court also awarded attorneys' fees under the Equal Access to Justice Act in the amount of $3,949.50. [DE 22]. The Plaintiff previously agreed to pay her attorney up to twenty-five percent of any past due benefits. [DE 24-1]. On remand, the Commissioner made a fully favorable decision on Ms. Long's claim. Ms. Long's attorney now moves for an award of attorneys' fees under 42 U.S.C. § 406(b). [DE 23]. Pursuant to their agreement, her attorney seeks one quarter of the amount of past-due benefits, which is $21,742.00. The Commissioner does not oppose this request. [DE 25].

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Counsel cannot recover fees under both the EAJA and § 406(b), though, so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See*

*Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

The fees awarded under 406(b) must also be reasonable. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id.* at 807–08 (citations and footnotes omitted).

The Court finds the requested fee is reasonable under that standard. Counsel spent 12.7 hours of attorney time and 16 hours of staff time on Ms. Lehner's appeal in this Court. [DE 24-4]. When only considering attorney hours, the rate results in about $1,711.96 per hour, which is within the range of rates that courts have approved in this context. *See, e.g.*, *McPeters v. Saul*, No. 4:17-CV-41, 2020 WL 2507935, at *2 (N.D. Ind. May 15, 2020) (approving a request for attorney fees at an effective hourly rate of $1,522.14). Moreover, our sister courts have approved similar fees. *See, e.g.*, *Kirby v. Berryhill*, No. 14 CV 5936, 2017 WL 5891059, at *2 (N.D. Ill. Nov. 29, 2017) (approving a request for attorney fees at an effective hourly rate of $1,612.28).

The Court emphasizes that counsel wrote a well-reasoned Opening Brief [DE 12] and Reply Brief [DE 16] that resulted in the reversal of the ALJ's decision. Put simply, counsel provided excellent legal services on behalf of his client. *Cf. Gisbrecht*, 535 U.S. at 808 (the district court may properly reduce the amount of attorney fees based upon poor representation).

Further, counsel's actions resulted in an award of past due benefits in the amount of $86,968. [DE 24-3]. The Court finds that such an award is an excellent outcome for the Plaintiff. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."). Given the excellent result Ms. Long achieved through this action, that is very reasonable. Finally, the Court is mindful of the contingent nature of this case. *See Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011) ("A study found that the district courts . . . reversed 6.15 percent of denials outright and ordered benefits awarded in those cases, and remanded 48 percent of the denials, and 60 percent of the remands eventuated in a grant of benefits."); *see also Eckerhart*, 461 U.S. at 448–49 (Burger, C.J., concurring) ("Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate.").

Thus, based upon the unique facts of this case, the Court finds that $21,742.00 in attorney fees is reasonable. Moreover, the requested fees are allowable under the contingency agreement. *See* Contingency Agreement, p. 1, DE 24-1. As such, counsel's request is granted. The Court therefore GRANTS the motion for attorneys' fees under § 406(b) in the amount of $21,742.00 and ORDERS the Commissioner to pay that amount out of the award of past-due benefits. [DE 23]. The Court also ORDERS the Plaintiff's attorney to refund the $3,949.50 in EAJA Fees previously awarded in this case.

SO ORDERED.

ENTERED: June 24, 2021

                                              /s/ JON E. DEGUILIO  
                                           Chief Judge  
                                           United States District Court